UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.            )<br>)   4:18-cr-40030-TSH<br>ELIJAH AIKEN       )<br>)<br>Defendant       )<br>) | |

HILLMAN, D.J.

**MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR DISTRICT COURT REVIEW OF DETENTION ORDER (Document # 64)**

**April 25, 2019**

Introduction

The Defendant Elijah Aiken moves pursuant to 18 U.S.C. § 3145(b) for an order revoking Magistrate Judge Hennessy's order of detention entered on February 28, 2019.  For the reasons set forth below that Motion is denied.

Facts

The Defendant is charged with conspiring to transport stolen goods in interstate or foreign commerce in violation of 18 U.S.C. § 371, and with interstate transportation of stolen goods in violation of 18 U.S.C. § 2314.  These charges are the result of a series of breaking and enterings into Target and Best Buy stores in Connecticut, New Jersey, Pennsylvania, and Massachusetts. On February 4, 2015 the Defendant and his brother were arrested for attempting to break into a Target Store in Southington, Connecticut.  The Defendant pled guilty in Connecticut state court

and was sentenced to 30 months of incarceration to be followed by 30 months of parole. Upon his release from the Connecticut incarceration in June 2017, he was arrested and held pre-trial in New Jersey and Pennsylvania for similar break-ins in those states. In November of 2017 Mr. Aiken was released from incarceration on the New Jersey and Pennsylvania charges to be supervised by the Connecticut Parole Office.

The indictment in this case was returned on July 12, 2018, while Mr. Aiken was still under parole supervision in Connecticut. Because the Connecticut authorities erroneously believed that Mr. Aiken's arrest was for conduct that post-dated his Connecticut release, the parole office in Connecticut sought to violate his parole. All parties agree that the Connecticut parole violation was in error because the conduct pre-dated his sentence, and that the Connecticut Parole authorities would allow the Defendant to be returned to a half-way house and parole supervision in Connecticut if released from this case.

Discussion

The Defendant argues that his conduct while on parole in Connecticut warrants release in this case. He argues that the strict Connecticut parole conditions and his continued compliance with those condition make him a candidate for release. In addition, in September of 2018 when Mr. Aiken was informed by his parole officer of the existence of the indictment and arrest warrant in this case he voluntarily turned himself despite the potential for detention.

The Government points to the Defendant's history, specifically that within two days of his pre-trial release on money laundering charges in New Jersey, the Defendant and his brother, using two-way radios, masks, and crowbars, broke into the Best Buy in Bethel Park, Pennsylvania and stole over 100 cell phones. They went on to commit at least 9 separate

breaking and enterings (and attempted break-ins) at the Target and Best Buy stores referenced above, all while on pre-trial release

I credit the Defendant's conduct while on parole in this case over the last 10 months. I further credit the Defendant for voluntarily turning himself in after being notified by his parole officer of the outstanding warrants in this case. However, I also find that the Defendant faces a significant incarceration of up to 51 to 63 months.[1]  While the Defendant has demonstrated compliance with his current parole conditions, he was on parole for only 10 months prior to his arrest on these charges. He has a documented history of criminal conduct while on pre-trial release and the evidence against him is strong.

Accordingly, I find that the Government has established by a preponderance of the evidence that no conditions, or combination of conditions will reasonably assure the appearance of the Defendant. I therefore deny the Defendant's Motion and order the Defendant held on the same terms as presently exist.

/s/Timothy S. Hillman
TIMOTHY S. HILLMAN
DISTRICT JUDGE

---

[1] The Defendant argues that his guideline range will be safety valve eligible and that he will face a guideline range of 21-33 months, which is still a significant incarceration.